# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | No: <u>3:14-cr-00076</u> |
| | ) | |
| ADAM WINTERS, | ) | |
| | ) | |
| Defendant. | ) | |

## ADAM WINTERS' SENTENCING MEMORANDUM

The Defendant, Adam Winters, by and through counsel, hereby submits the following Sentencing Memorandum.

### I. CASE HISTORY

On June 16, 2014, Mr. Winters entered a guilty plea to an Information containing one count of violating 18 U.S.C. § 875(d), interstate communications with intent to extort. Said Plea Agreement was submitted pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and the United States agreed to request a sentence that includes no more than six month's imprisonment. The Government has followed through on that agreement and submitted a Sentencing Memorandum (D.E. 22), which requests "that this Court sentence the defendant to a term of imprisonment between zero and six months."

### II. PERSONAL HISTORY

Adam Winters comes before the Court as a 26-year-old Tennessee native with no criminal convictions. He was recently married to Alexis Winters on December 13, 2013, and

the couple are expecting their first child on December 30, 2014. Mr. Winters has numerous family members who reside in East Tennessee and have supported him through this process.

Although the PSR is technically correct that Mr. Winters is currently unemployed, he is actually self-employed and operating two businesses, one of which (Shipey, Inc.) is scheduled to launch this month. Although neither business is generating a large amount of profit at this time, Mr. Winters is hopeful that these businesses will be able to provide financial stability to him and his young family.

Undersigned counsel has received many letters written on behalf of Mr. Winters. These letters show a side to Mr. Winters which may not be known to the Court. These letters show a kind, compassionate, hard-working man, who often helps others and is dedicated to his family. These letters are attached hereto.

### III. SENTENCING CONSIDERATIONS

This Court must sentence Mr. Winters for his role in this case while taking into account 18 U.S.C. § 3553, the advisory Sentencing Guidelines, and relevant case law. Section 3553 (a) of Title 18 of the United States Code instructs District Courts to impose a sentence *"sufficient, but not greater than necessary"* to comply with the four purposes of sentencing set forth in Section 3553 (a) (2). The four purposes of Section 3553 (a) (2) are:

(A) The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment;

(B) The need to afford adequate deterrence to criminal conduct;

(C) The need to protect the public from further crimes of the Defendant; and

(D) The need to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the sentence minimally sufficient to comply with the Section 3553 purposes of sentencing, the Court must consider several factors listed in Section 3553(a). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the Defendant"; (2) "the kinds of sentence available"; (3) the guidelines and policy statements issued by the Sentencing Commission, including the (now non-mandatory) guideline range; (4) the need to avoid unwarranted sentencing disparity; and (5) the need to provide restitution where applicable [18 USC Section 3553 (a) (1), (a) (3), (a) (5)-(7)]. Neither the statute nor <u>United States v. Booker,</u> 543 U.S. 220, 245-46 (2005) suggests that any one of these factors is to be given greater weight than any other factor. These factors are subservient to Section 3553(a)'s mandate to impose a sentence not greater than necessary to comply with the four policy purposes of sentencing.

A. **<u>M</u>r. Winters is eligible to receive a sentence of probation pursuant to statute.**

As an initial matter, the statutory sentencing range for the crime in which Mr. Winters pled guilty is zero to two years, pursuant to 18 U.S.C. § 875(d), and any term of supervised release cannot exceed one year. Pursuant to 18 U.S.C. § 3561(c)(1), Mr. Winters is eligible for not less than one nor more than five years of probation. Mr. Winters would also need to have an additional condition of probation pursuant to 18 U.S.C. § 3563, such as restitution, a fine, or community service.

As noted above, Mr. Winters' violation of 18 U.S.C. § 875(d) carries no mandatory minimum sentence of imprisonment. The Sixth Circuit highlighted this underlying public policy rationale in the case <u>United States v. Husein</u> when it stated that "Congress both accepted and envisioned" that some defendants found guilty of a crime with no mandatory minimum sentence would receive no prison sentence at all. <u>Husein</u>, 478 F.3d 318, 322 (6th Cir. 2007).

Based on the nature and circumstances of the offense and the history and characteristics of Mr. Winters, as well as the other enumerated factors, Mr. Winters prays for a sentence of probation, "time served" plus supervised release, or any other alterative sentence that would allow him to be with and provide for his family.

### **B. Mr. Winters may be eligible for probation pursuant to the Sentencing Guidelines.**

The PSR shows that Mr. Winters' initial guideline term of imprisonment is 24 months, but USSG Section 6B1.2 addresses cases like Mr. Winters, where the Government has agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), to request a sentence of no more than 6 months imprisonment. A 6-month sentence would place Mr. Winters in an eligible category for probation pursuant to the Sentencing Guidelines. Should the Court determine that such a departure from the initial guideline term is justified, then the Court may accept a sentence of no greater than 6 months.

In addition to the other factors already addressed in this Sentencing Memorandum, the undersigned asks the Court to consider that the Defendant's conduct was aberrant and is an otherwise law-abiding citizen who "did a very dumb thing." USSG § 5K2.20 lists certain facts that must be met for a guideline departure to be granted, but District Courts, after <u>Booker</u> and

Rita, have discretion to consider the individual circumstances of the defendant as part of its analysis under § 3553 (a). Mr. Winters has no criminal history, and the facts and circumstances in this case indicate that Mr. Winters' actions were aberrant and not typical for him. Further, he is unlikely to ever commit this offense again. See U.S. v. Levva-Franco, 162 F. App'x 751 (9th Cir. 2006) (affirming a 4-level departure for aberrant behavior where evidence showed defendant's drug smuggling was a single criminal event, with no significant planning, of limited duration, and representing marked deviation from an otherwise law abiding life) U.S. v. Hadash, 408 F.3d 1080, 1084 (8th Cir. 2005) (in drug conspiracy case, six-level downward departure upheld where district court concluded that the defendant was a "law abiding citizen, who did an incredibly dumb thing" and "was not the type of defendant the guidelines were designed to punish").

### C. **Mr. Winters is an Excellent Candidate for Probation.**

Mr. Winters would be an excellent candidate for probation or other alternative sentencing for many of the reasons discussed previously in this Sentencing Memorandum, including job history, lack of criminal history, and family, church and community ties. Additionally, Mr. Winters has a proven track record of success, as he was released on bond after his initial appearance, and he has remained in compliance with all Court ordered conditions since his release.

### IV. CONCLUSION

For the reasons herein described, Mr. Winters respectfully requests that this Honorable Court sentence him to an appropriate sentence that will not be greater than what is

necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Specifically, Mr. Winters prays for probation, "time served" plus supervised release, or any other alterative sentence that would allow him to be with and provide for his family.

Mr. Winters has already received a tremendous punishment as a result of his actions. Namely, he is now a convicted felon, who will carry this mark on him for the rest of his life. Mr. Winters recognizes the severity of his actions, but he respectfully requests leniency from this Court so that he may be with his wife, as their new child will be born next month. Serving a period of incarceration would result in a sentence that would be greater than what is necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted on November 4, 2014.

s/ Norman D. McKellar<br>
**NORMAN D. McKELLAR, BPR # 022186**<br>
Attorney for Adam Winters<br>
The McKellar Law Firm, PLLC<br>
625 Market Street, 7th Floor<br>
Knoxville, TN 37902<br>
(865) 566-0125

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice was electronically filed on November 4, 2014. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: s/ Norman D. McKellar

17 October, 2014

Honorable Judge Reeves
United States District Court
Eastern District of Tennessee
800 Market Street, Suite 144
Knoxville, Tennessee 37902

Your Honor:

I would like to provide a letter on behalf of Mr. Adam Winters, who has pleaded guilty to the charge of interstate communications with intent to extort, and will be sentenced by you shortly.

I am a Senior Executive with the Defense Logistics Agency, Department of Defense. I currently have the honor of serving as the Deputy Director for Information Operations, managing 3,000 Information Technology professionals in 48 states and 27 countries that support our nation's Soldier's Sailors, Air Men/Women and Marines. I am also a Veteran myself, having served honorably for 22 years in the United States Army.

Adam is the stepson of my brother (Brian Foster) and his wife (Jimmie Foster). I have known Adam for almost 20 years, and watched him grow into adulthood. He did not have a trouble childhood in any sense. He did well in school at all levels. He was liked by teachers and other students, and never had any of the behavior problems that are prevalent in our school system today. He avoided drugs and alcohol. His parents ensured he went to Church regularly. He was bright, and had a future full of promise. For all these reasons, it was devastating to his parents and those of us who love Adam to learn of his extreme bad judgment that led him down this path to your court. Based on my conversations with Adam since his arrest, I believe he fully comprehends the wrongness of his actions, and regrets the decisions he made. I believe his plea of guilty reflects this, and his desire to accept responsibility for his actions.

Given these facts and circumstances, I would ask that Your Honor to give full consideration to the fact that Adam is not a habitual criminal in any sense. This was a single instance of extremely poor judgment by an otherwise law abiding member of our community. He has never been in this kind of trouble before, and will not be again. A long jail sentence is not necessary to rehabilitate Adam, and would be an unnecessary cost on taxpayers. Instead, our community would be better served by probation, where Adam can demonstrate his commitment to abide by our laws, and mandatory community service where he can make a positive contribution by helping others. Leniency in this matter is merited, and will allow Adam to quickly return to society as a productive, contributing young man.

I greatly appreciate your time and consideration in this matter.

Sincerely,

Robert T. Foster
3056 Crosen Court
Oak Hill, VA 20171-1538

Debbie Griffith
1600 Old Hwy 27
Robbins TN 37852
423-215-6244

September 24, 2014

The Honorable Judge Reeves
United States District Court
Eastern District of Tennessee
800 Market Street, Suite 144
Knoxville TN 37902

Dear Honorable Judge Reeves:

I am writing on behalf of Adam Winters. Adam is my nephew and has lived with my parents periodically since he was 17 years old. He has also lived and worked in Houston, Texas, Los Angeles and Beverly Hills, California. He and his wife are currently living with his grandparents in Robbins. Both of his grandparents are 84 years of age. His grandmother has had 2 hip replacements in the last four years and Adam has been assisting in taking care of them.

I am employed as loan officer by East Tennessee Enterprise Partnership (ETEP). This company makes small business loans which are made possible by a grant to ETEP through USDA Rural Development. I have been employed by ETEP since 1994. I am also owner of Renewable Resources & Management, LLC and Shipey's Wholesale in Oneida. Renewable Resources & Management is a contract service provider. Shipey's Wholesale purchases liquidation items and resells them in our store. Although I opened Shipey's Wholesale, Adam was the person who had the idea and who encouraged me to do so and was the person who found the sources from whom we purchased. In two months of operation, the business has been very well received, especially by the middle-aged and elderly, in our community. In addition to my employment, I am a member, organist for choir, and pianist for youth choir at Tunnel Hill Baptist Church in Oneida.

I understand Adam pleaded guilty to the violation. However, I would like to tell you about the person Adam truly is. Adam's parents were divorced when he was three years of age. He was raised by his mother, who remarried when he was five, in a home where there was love, discipline, and honor for God. He has always been a hardworking young man, driven to succeed. He began working for a local landscaping company when he was a sophomore in high school. During his junior and senior years, he worked after school for Quality Control Battery. He has always been very energetic and outgoing and excited to take on new challenges. When he graduated from high school he was unsure about what he wanted to do in life. Although he had no family or acquaintances in Houston, Texas, he decided to move there and began

working for Houston Lamborghini as a detailer. It was during this time that he felt there were better opportunities for him in California. After moving there, he started a transport company (Green Technology Transport) with a Toyota Prius. He most recently has been working on developing SHIPEY, an iPhone and Android app that is being launched in October. The projected goal for this business is to create 500 jobs within 6 months of launch.

Adam is also a very kindhearted young man. There are many things he has done to help others. I have witnessed him bringing the children of a couple with whom he is acquainted to my parents home, feeding and giving them attention that he feels they don't receive at home. On another occasion during a hot day this summer, he brought those children to swim at his grandparents. One of these children is one whose class was taking a school trip to the zoo. When the parents refused to go with him, Adam chose to take him. We were not aware until recently that on the way home from the zoo, Adam took the little boy to the mall and bought him boots and clothes. We did not know that until the little boy told us. He was so proud of them.

There was another time that I had men's shoes on hand that were new. He asked for a pair to give to a guy who he thought needed them at Christmas. I also gave him an air conditioner that was not being used. I later discovered that he had put it in a home for a couple who had several children. When I asked why he did this he said he did it because it was so hot and unbearable for those children. I feel it is actions like this that truly show Adam's character.

One of the things Adam has been most guilty of is being naive and gullible. Up until this point, he has always been a law abiding citizen. He called me to pick him up in Knoxville after he was released from custody when this happened in May. I saw how devastated he was by his actions. Although he is 25 years old, I saw him as a child who was so hurt and embarrassed. Since that time, I have witnessed on many occasions how people have made remarks and judgments on him and the entire family with no regard for feelings. I have witnessed how a local bank would not do a wire transfer for Adam that he was taking care of for me because his name was included in the information given them. I later witnessed the same bank refusing to allow him to open a business checking account. I could go on and on about the price he has paid in our community. I am not trying to make his actions seem unimportant, however, I witness every time I have been out in the community with him how people stare and act as if he is the only person who has ever done something wrong.

I do not uphold wrongdoings, but Adam is already paying a greater price for his actions than many child abusers and sex offenders will pay. I have talked with Adam on many occasions regarding this case and can say with all sincerity that Adam regrets what happened and if he could go back in time, he would never, ever do it again.

Adam and his wife, Alexis, were married in late December, 2013 and are expecting their first child in December, 2014. Adam has always loved children, but it has been hard for him to show the excitement he feels because he realizes he may not be here when that time arrives. I know that Adam wants to provide for his family and to be there for the birth of his son. I pray that you will consider this and, if possible, grant him probation. If not, I remain hopeful that you will be merciful in your decision and recognize that although he was wrong in what he did, he is a person deserving of a chance to continue to be a productive citizen and one that you will be able to look back and say you helped make a difference in his life. I know that however great the terms for probation may be, he would be happy to face in order to be free to provide for his family. I understand there are consequences to actions, but I have no doubt that the shame and embarrassment Adam has felt from this case has been something he will never forget and it bears heavily on him realizing he will always be a convicted felon. He is not a threat to society. I also know he was a productive citizen before this and I know he is working hard to gain the trust of everyone again.

Respectfully,

*Debbie Griffith* (signature)

Debbie Griffith

*Jimmie Foster*
*4325 Grave Hill Road*
*Oneida, TN 37841*
*423-569-6192*

October 20, 2014

Honorable Judge Reeves
United States District Court
Eastern District of Tennessee
800 Market Street, Suite 144
Knoxville, Tennessee 37902

Your Honor:

I am writing this letter in regards to Adam Winters who will appear before you for sentencing in November. Adam has plead guilty to interstate communications with intent to extort.

Currently, I am working at Shipey's Wholesale, managing accounts and overseeing the day-to-day operations. My primary job in my adult life has been dedicated to being a stay-at-home mom and homemaker. I have always had strong convictions of motherhood. My mother was a stay-at-home mom and I wanted my children to experience a childhood which I had and thoroughly appreciated, especially as I got older.

Adam is my son in whom I have always been proud. Anyone who realizes I am Adam's mother always tells me what a wonderful and kind human being he is. It makes me very proud. However, this incident has definitely taken a toil on Adam as well as my family. He has expressed to me more times than I can count how very sorry he is for his actions and so wishes he could change those weeks in his life and choose a different path. Also, the realization of going to prison definitely weighs heavy upon his heart. I have spent much time with Adam since this incident and looking into his eyes I see a terrified and helpless young man. Living in this small community in which our family has lived since birth has definitely opened my eyes to the condemnation people place upon one. Adam and I have gone into restaurants and stores and seen people we know, stop and stare, turn their backs and begin whispering. I have looked into his eyes and seen tears and hurt. It tears at my heart because the first thing, as a mother, I want to do is strike out, but realize in doing so I am not living a Godly life. So instead, we walk on, and hold our heads up feeling like dirt on the ground. I have always tried to raise my children to have the *Fruit of the Spirit* - love, peace, gentleness, long-suffering, faith, joy and goodness, as my parents have instilled in me. Adam loves his mamaw and papaw, Delbert & Mabel Griffith. His mamaw Mabel has recently had declining health and was hospitalized last week for 2 days due to UTI, low sodium, potassium, and dehydration. Mom has told me personally how she worries about Adam's welfare, and the outcome of this court date. I feel worrying has definitely played a role in mom's declining health.

I want to share some instances that have happened with Adam and me since his confession. My family had a vacation planned for several months with the condo paid prior to his arrest. The week following his arrest, our vacation was to be, however; Adam pleaded for us not to go for he was scared. Needless to say, I felt I owed it to my 7-year old daughter, who had never seen the ocean, to continue with our plans, as well we did. Also, the day he appeared before you in court, I asked him the questions which were asked. Adam did say how standing in front of a judge made him feel so small and helpless. He proceeded to tell me the questions, and upon telling me the one about being treated for mental illness, I asked him what his answer was. Adam said,

no I haven't been treated for mental illness. I reminded him of the time he took an overdose of aspirin and was admitted to the hospital and later transferred to Lakeshore. I told him that was considered treatment for mental illness. He has this terrified look and said, oh my I lied to the Judge, and I am truly in deep trouble. I instructed him to immediately call his attorney and admit he didn't know that was considered mental treatment. Another instance - Shipey's Wholesale buys truckloads of shelf-pulls and general merchandise from sorting facilities. These items have to be paid for by wire transfers one to two days after purchase. Adam had given me the email providing all information for the wire. Shipey's Wholesale account was set up with Debbie Griffith, my sister, and myself as the designators to manage to the account. I proceeded to the bank and provided them this document and asked for the wire to be completed. The lady looked at the document and said she could not do this wire. I asked why and she said because Adam's name was on the document. Then I asked if I provided a document without his name, would that be admissible. She said yes. So I left the bank and asked Adam to remove his name and drop the same document off at the bank. When I went back to the bank I asked the same lady to complete the wire transfer. She gave me the document back and said she could not do this – she said because of him I had to write a 2-page report, and also it's nearly 4:00 p.m. and would not transfer until the next day. Upon receiving the document I noticed the attachment at the bottom had winters.xls, which was an excel document, she had circled this. So I assumed this was the reason. I worked at First National Bank in my early 20's and I do know from experience you do not have to provide any documents to wire money. The bank only needs the account routing number, bank account number, name and address of the receiver, as well as account to be transferred from. To be honest, I was caught off guard and shocked, I didn't ask for the manager. Truthfully, I withdrew the amount to be transferred and proceeded to my personal bank and completed the transfer, with the same document, without any problems. Another instance was from the store. An elderly customer, Betty Strunk, had been difficult in the past, saying things were overpriced or not cheap enough. She mentioned to Adam her car headlights were fogged over and needed to buy new ones. Because of Adam's previous training, he got his buffer and began waxing and buffing both her car headlights. I was pleased that Adam had overlooked their past differences and provided a good deed. Betty was very pleased and said he was such a nice, considerate man. Another small instance – Adam came into my office and said, you know there's so many nice people and then there's some difficult ones. He said I just carried a lady out, laughed and said no I meant I carried her shopping bags out and she was so pleased. I did tell him there is always good to be found, you just might have to look harder at some to find it.

Lastly, Adam and his wife, Alexis, are expecting their first child, Julius Bradley, December 30th. Adam has always loved kids and plays with my daughter, his niece and nephew. He has been reserved when I discuss the birth of their child. Upon talking with him about how distant he seems, he says, well I probably won't be in his life for the first months to maybe 2 years, so how can I get excited. I told him you always have to have hope.

I truly feel if you were able to meet Adam aside this scenario, and talk with him, you would find he is truly harmless and does have many great qualities. Adam has also said, if the Judge wouldn't send me to prison, I would promise her she would never, ever see me in court again. I do beg for mercy on behalf of Adam with community service, probation, and no jail time. I believe the months following this issue he truly has suffered greatly. I do know personally I have made my request known to the Lord, but also have asked *His will be done*. Thank you and may God always guide your steps.

Sincerely,

*Jimmie Foster*

Jimmie Foster

**DAVID W. REAGAN**
**REAGAN LAWN SERVICE**
**411 DEAN HILL ROAD**
**ONEIDA, TENNESSEE 37841**
**(423) 569-8700**
**(423) 215-4090**

October 24, 20114

Honorable Judge Reeves
United States District Court
Eastern District of Tennessee
800 Market Street, Suite 144
Knoxville, Tennessee 37902

Re:   Adam Winters

Dear Honorable Judge Reeves:

I am writing this letter on behalf of a former student, Adam Winters.

I am a retired school teacher, having taught for over 30 years in the school systems in Scott County, Anderson County, Oneida, and McCreary County, Kentucky. During those 33 years of teaching, I was also very involved with my students by coaching both middle and high school basketball and middle school football and had very successful programs.

After much deliberation, I decided to retire from teaching and coaching to devote my attention to my lawn care business which I have owned for the past 17 years.

During my teaching at Oneida High School I had the privilege of having Adam in my English class. Adam never gave me any trouble in class. He was a very likable student and completed all of his assigned work. His fellow students liked him and he got along well with everyone at the school.

In addition, I have known Adam's mother and her family my entire life. I was raised up in Church with Adam's grandparents and I personally know that he comes from a very good, hardworking Christian family. Also, I know that Adam was raised in a loving home with good moral values.

Adam was an employee of my mowing company while in high school and was a very hard working young man. He was always dependable and on time. He would always be welcomed back and re-hirable at any time that I had an opening.

In my observations, Adam has always been very industrious and ambitious. He has always had goals and aspirations of being successful in life. Adam is in no way dangerous or a nuisance to society. If anything he could be just the opposite if given the opportunities to either further his education, become a productive employee, or even start his own business. I understand that he has made a terrible mistake and do not take this lightly; however, I feel Adam is worthy of receiving leniency and considered for the least possible sentence. I feel that he deeply regrets the mistake he made and the suffering he has caused himself and his family.

Thank you for your consideration of leniency for this young man.

Sincerely,

David W. Reagan

October 22, 2014

To: Honorable Judge Reeves
United State District Court
Eastern District of Tennessee
800 Market Street, Suite# 144
Knoxville, Tennessee 37902



From: Lauren Del Toro
2361 Meadowglen Way
Upland, CA 91784

Re: Adam Winter's

Dear Honorable Judge Reeves,

My name is Lauren Del Toro and I am a professional associate of Adam Winters. I am a Sales Manager for First Mortgage Corporation. I have been in the mortgage industry for over 13 years and I am an upstanding member of my community. I met Adam a few years ago though some mutual friends. During the past few years Adam and I have collaborated on many legitimate, legal, and ethical business ideas to help people and better the world. We discussed creating green businesses to reduce the carbon foot prints on the earth, creating retail warehouses to cater to the underserved communities, and he even strongly encouraged me to start my own mortgage company because I believe so highly in educating people on the ethical practices of the mortgage business, how to buy homes properly, and teaching people to not lose their homes to foreclosure. Since I have known Adam he has always been a very honest, ethical, and moral person. He is the type of person that would give his shirt off his back to help anyone or pull over on the side of the road to help a stranger in need. He would do anything to help anyone.

I am aware that Adam has pleaded guilty to his violation but I don't believe that Adam is a criminal. I think he may be young, immature, and extremely naive at times but that does not make him a criminal. I am sure this experience will cause him to mature very quickly as the reality of his life at stake will set in. I would like to ask the judge for leniency on Adam's behalf. I can attest to Adam's character and he is not a bad person or a criminal that deserves to be locked up like an animal for making a naïve mistake. I have personally witnessed and seen the good deeds he does for others. Adam, is a very a kind hearted, family oriented, and giving person. He has already suffered immensely mentally and emotionally just having to go through this situation and I know he has definitely learned a valuable lesson that will change his life forever. Thank you for your time and consideration when reading this letter.

Sincerely,

*Lauren Del Toro* (signature)

Lauren Del Toro